IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:12CR10-2 |
| v. | : | |
| MARY FREDA WILLIAMS | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, MARY FREDA WILLIAMS, in her own person and through her attorney, Helen L. Parsonage, and state as follows:

1. The defendant, MARY FREDA WILLIAMS, is presently under Indictment in case number 1:12CR10-2, which in Counts Five, Six, Seven, Nine, and Ten charge her with a violation of Title 18, United States Code, Section 2251 (a) and (e), production of child pornography.

2. The defendant, MARY FREDA WILLIAMS, will enter a voluntary plea of guilty to Counts Six and Ten of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to her by her attorney.

    a. The defendant, MARY FREDA WILLIAMS, understands that as to Counts Six and Ten of the Indictment herein, she may be sentenced to a term of imprisonment of not less than fifteen years

and not more than thirty years, as to each count, and the maximum fine for Counts Six and Ten of the Indictment is $250,000, or both, as to each count. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b.  The defendant, MARY FREDA WILLIAMS, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of any term of years not less than five, or life, as to each count, after imprisonment, pursuant to Title 18, United States Code, Section 3583(k).

c.  The defendant, MARY FREDA WILLIAMS, further understands that the sentence to be imposed upon her is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

d.  The defendant, MARY FREDA WILLIAMS, understands that if she is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to her immigration status.  The defendant, MARY FREDA WILLIAMS, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences her guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

e.  The defendant, MARY FREDA WILLIAMS, understands that, by entering a plea of guilty to Counts Six and Ten of the Indictment, she may be required to register as a sex offender under the laws of any state in which she may reside, and that it is the defendant's responsibility to comply with any applicable registration requirements.  See 42 U.S.C. § 14071 (Wetterling Act's Registration Guidelines) and 18 U.S.C. § 4042 (2000) (requiring defendants to register as a sex offender within 10 days of release from incarceration or sentence to probation).  If the defendant resides in the state of North Carolina following any term of imprisonment, the defendant agrees to register as a sex offender pursuant to N.C.G.S. §§ 14-208.5 - 208.45 in the county of her residence and provide verification to the probation department of such registration.  The defendant also understands that if she does not return to, or moves from the state of North Carolina, she may

3

be required to register as a sex offender pursuant to the state laws of her new residence.

3. By voluntarily pleading guilty to Counts Six and Ten of the Indictment herein, the defendant, MARY FREDA WILLIAMS, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury or judge determine her guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, MARY FREDA WILLIAMS, is going to plead guilty to Counts Six and Ten of the Indictment herein because she is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, MARY FREDA WILLIAMS, to Counts Six and Ten of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, MARY FREDA WILLIAMS. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, MARY FREDA WILLIAMS, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

c. It is further agreed by and between the United States and the defendant, MARY FREDA WILLIAMS, that in exchange for the government's agreement to dismiss Counts Five, Seven, and Nine of the Indictment, the defendant expressly waives the right to appeal whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an

5

unconstitutional factor, such as race, religion, national origin or gender.

6. It is further understood that the United States and the defendant, MARY FREDA WILLIAMS, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, MARY FREDA WILLIAMS, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which she is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be

6

Case 1:12-cr-00010-WO   Document 20   Filed 05/09/12   Page 6 of 7

entered into unless executed in writing and signed by all the parties.

This the 9 day of MAY, 2012.

RIPLEY RAND
United States Attorney

[signature]

ANAND P. RAMASWAMY
NCSB #24991
Assistant United States Attorney

P. O. Box 1858
Greensboro, NC 27402

336/333-5351

[signature]

[signature]

HELEN L. PARSONAGE
Attorney for Defendant

[signature]

MARY FREDA WILLIAMS
Defendant

7